**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| C.M.V., by and through his Guardian Ad Litem Cindy Martinez; A.S.M., a minor, by and through her Guardian Ad Litem Cindy Martinez, | No. 09-56324 |
| | D.C. No. 2:07-cv-05044-CAS-PLA |
| Plaintiffs - Appellees, | |
| v. | |
| | MEMORANDUM[*] |
| PATRINA SMITH, AKA Doe 11, | |
| Defendant - Appellant, | |
| and | |
| COUNTY OF LOS ANGELES; LEROY BACA, individually and in his official capacity, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 8, 2011
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ, MOORE,[**] and McKEOWN, Circuit Judges.

Los Angeles Sheriff's Department Deputy Patrina Smith brings an interlocutory appeal of the district court's order denying her motion for summary judgment on qualified immunity. Plaintiff-appellee, C.M.V., alleges that while he was incarcerated at Pitchess Detention Center, Smith violated his constitutional rights by failing to protect him from a violent assault at the hands of other inmates. To survive summary judgment in his claim under 42 U.S.C. § 1983, C.M.V. must show that there is a genuine issue of material fact as to whether Smith was deliberately indifferent to a "substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

We have jurisdiction pursuant to 28 U.S.C. § 1291 and the collateral order doctrine. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 976 (9th Cir. 1998). "[A]ppellate jurisdiction over a summary judgment denial of qualified immunity is limited to reviewing the 'purely legal' issue of 'whether the facts alleged [by the plaintiff] support a claim of violation of clearly established law.'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 528 n.9 (1985) (second alteration in original)). We assume the facts alleged by C.M.V. to be

_____

[**]     The Honorable Karen Nelson Moore, Circuit Judge for the Sixth Circuit, sitting by designation.

2

correct.  *See Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001).  We review *de novo* the district court's decision to deny summary judgment based on qualified immunity.  *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).

Nothing in the record suggests that Smith knew or had reason to know of the risk that C.M.V. would be assaulted.  *See Farmer*, 511 U.S. at 837 (holding that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official . . . [was] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . [drew] the inference"); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986) (affirming summary judgment as to certain defendants because plaintiff "failed to come forward with facts showing that these defendants had any reason to believe he would be attacked").  Further, the record provides no basis to impute this knowledge to Smith simply because C.M.V. was incarcerated at Pitchess Detention Center.

At most, Smith's conduct could be characterized as negligent, not deliberately indifferent.  *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (holding that prison officials' negligence did not give rise to liability under § 1983).  Because C.M.V. has not put forth evidence or allegations to sustain a

constitutional violation, the district court erred in denying summary judgment to Smith. Smith is entitled to qualified immunity.

Plaintiff-appellee A.S.M. acknowledges that her claim is dependent on C.M.V.'s claim. Accordingly, Smith is also entitled to qualified immunity as to A.S.M.'s claim. *See Corales v. Bennett*, 567 F.3d 554, 569 n.11 (9th Cir. 2009).

REVERSED and REMANDED with direction to enter judgment in favor of Smith.